No. 58328.—K & K Novelty Manufacturing Corp. *v.* United States, petition 7097–R (New York).

EKWALL, Judge: This is a petition for remission of additional duties filed under authority of section 489 of the Tariff Act of 1930. Said additional duties were assessed due to the fact that the final appraised value exceeded the value declared on entry. The merchandise consisted of what is described as "musical movements Reuge," the word "Reuge" indicating the name of the foreign seller. Entry was made at a unit value of Swiss francs 2.80 and, on appraisement, this figure was increased to 2.95.

The secretary of the petitioner, a corporation, testified that he purchased these movements from the foreign seller, Mr. Reuge, while the latter was in the United States; that said Reuge quoted a price of 2.80, which the witness understood was the price at which the seller was offering this merchandise to everyone, except in the case of larger quantities. However, he admitted on cross-examination that he did not know what price other customers paid and that his knowledge of the price of these movements was based on what the seller told him when he was in petitioner's place of business and the order was placed.

The record further shows that petitioner's broker requested information as to value from the United States appraiser, but the latter official reported that he had no information as to the value. Petitioner testified that his customs broker made entry but that he did not recall giving any instructions to said broker, as it was understood that the value was 2.80. Petitioner had no previous importations of this type of musical movements from Mr. Reuge.

It appears that this petitioner was not unversed in the business of importing and that it employed the services of a customs broker in making entry of its merchandise. In the instant case, the appraiser reported that he had no information as to the value of the merchandise. Therefore, under the decisions, petitioner was placed on notice to make an investigation of the value. *United States* v. *Aug. F. Stauff & Co.*, 25 C. C. P. A. (Customs) 215, T. D. 49306; *United States* v. *H. S. Dorf & Co. of Pa., Inc.*, 36 C. C. P. A. (Customs) 29, C. A. D. 392. In the case of *H. Galland & Co.* v. *United States*, 17 C. C. P. A. (Customs) 51, T. D. 43337, the court said:

\* \* \* Nor are we impressed with the argument that appellant is entitled to great consideration because the appraiser did not know the correct values of the merchandise. Had the appraiser accepted the statements contained in the invoices and entries, he would have been deceived, and, as a consequence, the customs revenue would have been defrauded. \* \* \*

The record before us fails to show the "satisfactory evidence" required by the statute, as defined in *United States* v. *W. J. Westerfield*, 40 C. C. P. A. (Customs) 115, C. A. D. 507.

There was a duty upon petitioner to enter the merchandise at the proper value and that duty was not discharged. *United States* v. *Balfour, Guthrie & Co., Ltd.*, 39 C. C. P. A. (Customs) 199, C. A. D. 487.

For the foregoing reasons, the petition is denied.